# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0507V
Filed: September 13, 2019
UNPUBLISHED

| | |
|---|---|
| JULIO SAMBLE, on behalf of J.J.S., a Minor<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Diphtheria Tetanus acellular Pertussis (DTap) Vaccine; Hepatitis B (Hep B) Vaccine; Measles Mumps Rubella (MMR) Vaccine; Inactivated Polio ("IPV") Vaccine; Varicella Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Russell Anthony Murray*, Lovett Law Firm, El Paso, TX, for petitioner.
*Mollie Danielle Gorney*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

      On April 5, 2019, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that as a result of diphtheria-tetanus-acellular pertussis ("DTap"), Hepatitis B ("Hep B"), measles-mumps-rubella ("MMR"), inactivated polio ("IPV"), and/or varicella vaccinations administered on April 6, 2016, J.J.S. suffered from a left arm abscess. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 22, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for J.J.S.'s left arm abscess. On September 11, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $49,831.65 (comprised of $35,000.00 for pain and suffering and $14,831.65 for past, unreimbursed medical expenses). Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. *Id.* Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $35,000 (representing compensation for J.J.S.'s pain and suffering) in the form of a check payable to petitioner, Julio Samble, as guardian/conservator of the estate of J.J.S. for the benefit of J.J.S[3] and a lump sum payment of $14,831.65 (representing compensation for past, unreimbursed medical expenses) made payable to petitioner, Julio Samble.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                                      **s/Nora Beth Dorsey**
                                      Nora Beth Dorsey
                                        Chief Special Master

---

[3] No payment shall be made until petitioner provides the Secretary of Health and Human Services (the "Secretary") with documentation establishing his appointment as guardian/conservator of J.J.S.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of J.J.S. at the time a payment pursuant to the terms stated in the Proffer, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of J.J.S. upon submission of written documentation of such appointment to the Secretary.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| JULIO SAMBLE, on behalf of J.J.S., a Minor, ) ) ) | |
| Petitioner, ) | No. 19-0507V |
| ) | Chief Special Master Dorsey |
| v. ) | ECF |
| ) | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, ) ) ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.    Items of Compensation**

On July 22, 2019, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. Thereafter, on the same date, Chief Special Master Dorsey issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for J.J.S.'s left arm abscess. Based upon the evidence of record, respondent proffers that petitioner should be awarded $49,831.65. The award is comprised of the following: $35,000.00 for pain and suffering and $14,831.65 for past, unreimbursed medical expenses. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.    Form of the Award**

The parties recommend that compensation provided to petitioner should be made through a lump sum payment as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:

A.    A lump sum payment of $35,000.00 representing compensation for J.J.S.'s pain

and suffering in the form of a check payable to petitioner as guardian/conservator of the estate of J.J.S. for the benefit of J.J.S. No payment shall be made until petitioner provides the Secretary with documentation establishing his appointment as guardian/conservator of J.J.S.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of J.J.S at the time a payment pursuant to this Proffer is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the esate of J.J.S. upon submission of written documentation of such appointment to the Secretary.

      B.    A lump sum payment of $14,831.65, representing compensation for past, unreimbursed medical expenses, made payable to petitioner.

                            Respectfully submitted,

                            JOSEPH H. HUNT
                            Assistant Attorney General

                            C. SALVATORE D'ALESSIO
                            Acting Director
                            Torts Branch, Civil Division

                            CATHARINE E. REEVES
                            Deputy Director
                            Torts Branch, Civil Division

                            HEATHER L. PEARLMAN
                            Assistant Director
                            Torts Branch, Civil Division

            /s/ Mollie D. Gorney
            MOLLIE D. GORNEY
            Trial Attorney
            Torts Branch, Civil Division
            U.S. Department of Justice
            P.O. Box 146
            Benjamin Franklin Station
            Washington D.C. 20044-0146
            (202) 616- 4029
            mollie.d.gorney@usdoj.gov

Dated:  September 11, 2019