# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0507V

| | |
|---|---|
| JULIO SAMBLE, on behalf of J.J.S., a Minor, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: October 5, 2023 |

*Russell Anthony Murray*, Lovett Law Firm, El Paso, TX, for Petitioner.

*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On April 5, 2019, Julio Samble, on behalf of his minor child, J.J.S., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that J.J.S. suffered from a left arm abscess as a result of a diphtheria-tetanus-acellular pertussis, Hepatitis B, measles-mumps-rubella, inactivated polio, and/or varicella vaccinations administered on April 6, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On July 22, 2019, a ruling on entitlement was issued in Petitioner's favor. ECF No. 12. Respondent next filed a proffer ("Original Proffer") for a damages award of $49,831.65. ECF No. 17. However, although judgment subsequently issued, the parties recently asked for the judgment to be vacated due to circumstances relating to the guardianship required by their settlement terms, and I acted accordingly.

On October 4, 2023, Respondent filed a new proffer on award of compensation ("Proffer"). Under the revised terms, Petitioner will receive a lump sum payment of $14,831.65 for past unreimbursable expenses, plus an amount not to exceed $35,000 to purchase an annuity contract (pursuant to the terms set forth in the Proffer) that will be used to pay pain and suffering amounts. Proffer at 2-3. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* at 3.

Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer. Accordingly, and pursuant to the terms stated in the attached Proffer, **Petitioner is awarded:**

A. **A lump sum payment of $14,831.65 in the form of a check payable to Petitioner for past umreimbursable expenses.**

B. **An amount not to exceed $35,000.00 to purchase an annuity contract, subject to the conditions described in the Proffer, that will provide payments for J.J.S.'s pain and suffering, paid to the life insurance company from which the annuity will be purchase.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JULIO SAMBLE, on behalf of J.J.S., a Minor,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | No. 19-507V<br>Chief Special Master Corcoran<br>ECF |

## RESPONDENT'S PROFFER OF DAMAGES

**I. Procedural History**

On April 5, 2019, Julio Samble, on behalf of his minor child, J.J.S. ("petitioner") filed a petition under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, as amended ("Vaccine Act" or "Act"), alleging that J.J.S. suffered left arm abscess resulting from diphtheria-tetanus-acellular pertussis ("DTap"), Hepatitis B ("Hep B"), measles-mumps-rubella ("MMR"), inactivated polio ("IPV"), and/or varicella vaccinations administered on April 6, 2016. Petition at 1. On July 22, 2019, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. Thereafter, on the same date, Special Master Dorsey issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for J.J.S.'s left arm abscess.

II.    **Items of Compensation and Form of the Award**

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a lump sum and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

    A.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents his expenditure of past unreimbursable expenses related to J.J.S.'s vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $14,831.65, in the form of a check payable to petitioner. Petitioner agrees.

    B.    Pain and Suffering

For pain and suffering, an amount not to exceed $35,000.00 to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will be purchased,[4] subject to the conditions described below, that will provide payments to J.J.S. as set forth below:

---

[1] Should J.J.S. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

1. A certain Lump Sum of $17,799.71 payable on April 1, 2033.

2. A certain Lump Sum of $20,570.55 payable on April 1, 2036.

3. A certain Lump Sum of $23,765.48 payable on April 1, 2039.

The purchase price of the annuity described in this section II.B shall neither be greater nor less than $35,000.00. In the event that the cost of the certain lump sum annuity payments set forth above varies from $35,000.00, the certain lump sum payment due on April 1, 2039, listed above, shall be adjusted to ensure that the total cost of the annuity is neither less than nor greater than $35,000.00. Should J.J.S. predecease any of the certain lump sum annuity payments set forth above, said payments shall be made to his estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of J.J.S.'s death.

These amounts represent all elements of compensation to which J.J.S. would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.[5]

**III.     Summary of Recommended Payments Following Judgment**

    A.    Past Unreimbursable Expenses:    **$14,831.65**

    B.    An amount of $35,000.00 to purchase the annuity contract described above in section II. B.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[5] At the time payment is received, J.J.S. will be an adult, and thus guardianship is not required.

4

                          HEATHER L. PEARLMAN
                          Deputy Director
                          Torts Branch, Civil Division

                          LARA A. ENGLUND
                          Assistant Director
                          Torts Branch, Civil Division

                          *s/Alexis. B. Babcock*
                          ALEXIS B. BABCOCK
                          Assistant Director
                          Torts Branch, Civil Division
                          U.S. Department of Justice
                          P.O. Box 146
                          Benjamin Franklin Station
                          Washington, D.C. 20044-0146
                          Tel: (202) 616-7678
                          alexis.babcock@usdoj.gov

DATED:   October 4, 2023