# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 19-0507V**

| | |
|---|---|
| JULIO SAMBLE, on behalf of J.J.S., a Minor, | Chief Special Mater Corcoran |
| Petitioner, | |
| v. | Filed:  September 29, 2023 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Russell Anthony Murray, Lovett Law Firm, El Paso, TX, for Petitioner.*

*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for respondent.*

## ORDER GRANTING RELIEF FROM JUDGMENT[1]

On April 5, 2019, Julio Samble, on behalf of a minor, J.J.S., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). On September 13, 2019, a decision was entered awarding compensation to Petitioner based on Respondent's Proffer ("Decision"). ECF No. 18. Judgment on the Decision was issued on October 18, 2019. ECF No. 20 (the "Judgment").

---

[1] Because this unpublished order contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the order will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 27, 2023, the parties filed a Joint Motion for Relief from Judgment pursuant to Rule 60(b) of the Rules of the United States Court of Federal Claims ("RCFC"). ECF No. 23. Because the parties have demonstrated circumstances that justify relief under RCFC 60(b)(6), the motion for relief is granted.

## I. Procedural History

As noted above, this case was initiated in April 2019. Petitioner alleges that J.J.S. suffered from a left arm abscess as a result of diphtheria-tetanus-acellular pertussis ("DTap"), Hepatitis B ("Hep B"), measles-mumps-rubella ("MMR"), inactivated polio ("IPV"), and/or varicella vaccinations administered on April 6, 2016. Petition at 1.

On July 22, 2019, a ruling on entitlement was issued. ECF No. 12. On September 11, 2019, Respondent filed a proffer on award of compensation ("Proffer") indicating that Petitioner, as guardian/conservator of the estate of J.J.S., should be awarded $49,831.65. ECF No. 17. On September 13, 2019, a decision was entered awarding compensation to Petitioner based on Respondent's Proffer ("Decision"). ECF No. 18. Judgment on the Decision was issued on October 18, 2019. ECF No. 20 (the "Judgment").

Although the Proffer specifically conditioned payment of the entitlement award on Petitioner's appointment as guardian or conservator of J.J.S.'s estate, by July 2021, guardianship had not been established.

An informal telephonic status conference was held on July 13, 2021. *See* Minute Entry dated July 19, 2021. During the call, Petitioner's counsel shared that the individual who had been retained to handle J.J.S.'s guardianship proceeding passed away, resulting in a delay. He further shared that additional information was expected within 30 days and agreed to keep Respondent's counsel updated.

By early 2023, a guardianship had still not been established, and a second informal telephonic status conference was held on February 6, 2023. *See* Minute Entry dated February 8, 2023. Petitioner's counsel explained that despite his petition to the probate court for a hearing date, his request had gone unanswered. He agreed to continue his efforts and to provide regular updates to Respondent's counsel.

Finally, on September 27, 2023, the parties filed the present Joint Motion for Relief from Judgement ("Motion"). ECF No. 23. Petitioner and Respondent agree that changing the disposition of the entitlement award to allow Respondent to purchase an annuity for the benefit of J.J.S. will obviate the need for a guardian, and thus represents an efficient solution to the current hold-up on dispensation of damages to the Petitioner.

## II.     The Applicable Legal Standards

Under Vaccine Rule 36, Appendix B, RCFC, a party may seek relief from judgment pursuant to Rule 60(a) or 60(b) of the RCFC. Rule 60(b) delineates five specific circumstances for relief, plus a catch-all permitting a party to obtain modification of a decision based upon "any other reason that justifies relief." RCFC 60(b)(6).

The Federal Circuit has described Rule 60(b) as a "remedial provision . . .  to be 'liberally construed for the purpose of doing substantial justice." *Patton v. Sec'y of Health & Human Servs.*, 25 F.3d 1021, 1030 (Fed. Cir. 1994). Special masters have discretion regarding whether to grant relief under Rule 60(b) and may weigh equitable considerations in the exercise of its discretion. *McCray v. Sec'y of Health & Human Servs.*, No. 11-567V, 2014 WL 2858593, at *1 (Fed. Cl. Spec. Mstr. May 29, 2014) (citing *CNA Corp. v. United States*, 83 Fed. Cl. 1, 7-8 (2008)).

## III.     Analysis

Petitioner has established sufficiently "extraordinary" circumstances for granting his Motion. Although the Judgement was issued over four years ago, the entitlement award has not been released due to an inability to establish Petitioner's appointment as guardian or conservator of J.S.S.'s estate. I find the parties' proposed resolution to this issue reasonable and, given the circumstances of this case, equitable considerations weigh in favor of granting the parties' motion for relief.

## Conclusion

In light of the foregoing, the Clerk of the Court is hereby instructed **to <u>WITHDRAW</u> the Decision awarding damages issued on September 13, 2019 (ECF No. 18) and to <u>VACATE</u> the judgment entered on October 18, 2019 (ECF No. 20)**.  An amended decision awarding damages will be reissued separately, after the parties submit a new proffer or stipulation setting forth the revised terms for payment of damages.

Any questions about this order or about this case generally may be directed to OSM staff attorney, Reiko Suber, at (202) 357-6378 or email: Reiko_Suber@cfc.uscourts.gov.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master